IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

OTIS GRAY                               *

    Plaintiff,                         *

      v.                              *   CIVIL ACTION NO. 3:05-CV-369-F
                                                           WO

JENNY WILSON, *et al.*,                 *

    Defendants.                        *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Otis Gray, is incarcerated in the Opelika City Jail located in Opelika, Alabama. He filed this 42 U.S.C. § 1983 action on April 21, 2005 complaining that on March 7, 2005 and April 13, 2005 he received mail that was torn and "re-taped." Named as defendants are Jenny Wilson, Latonya Gary and Sergeant Clark. Plaintiff asks the court to investigate the matter about which he complains.

Upon consideration of the pleadings filed in this case, the court concludes that dismissal of Plaintiff's complaint prior to service of process is appropriate under 28 U.S.C. § 1915(d).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

Plaintiff's complaint that on two occasions he received mail that had been torn and taped fails to state a claim of constitutional magnitude. Assuming, *arguendo*, that the damage to Plaintiff's mail occurred at the jail facility and not through the postal service, the law is well settled that the Constitution is not implicated by negligent acts of an official causing unintended loss of life, liberty or property. *Daniels v. Williams*, 474 U.S. 327, 333 (1986). In this case, Plaintiff's claim of negligence against Defendants shows, at best, only a lack of due care by prison officials which is not actionable under 42 U.S.C. § 1983. The protections of the Constitution "are just not triggered by lack of due care by prison officials." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels*, 474 U.S. at 333.

Based on the foregoing, the court concludes that the allegation about which Plaintiff complains does not rise to the level of a constitutional violation and provides no basis for relief in this 42 U.S.C. § 1983 action. Plaintiff's complaint is, therefore, subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be dismissed with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 9, 2005.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 26th day of April, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE